UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLYN MYLES,            )
                          )
            Plaintiff,    )
                          )
     vs.                  )         07 C 6122
                          )
MICHAEL ASTRUE,           )
Commissioner of Social Security, )
                          )
            Defendant.    )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff Carolyn D. Myles ("Myles") and Defendant Commissioner of Social Security Michael Astrue (the "Commissioner")'s cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56(c). For the reasons set forth below, Myles's motion is denied and the Commissioner's motion is granted.

## BACKGROUND

In this case, Myles seeks judicial review of the Commissioner's denial of her Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") claims. Myles filed DIB and SSI claims on January 28, 2005, alleging

that she had been disabled since January 11, 2005, due to limitations related to diabetes. *Id.* The Social Security Administration (the "Agency") denied her application and Myles requested an administrative hearing.

Administrative Law Judge Edward Pappert (the "ALJ") presided over the administrative hearing on January 16, 2007, and considered Myles's testimony, her medical reports, and the testimony of Linda Gels, a vocational expert, in determining whether Myles was entitled to DIB or SSI benefits under the Social Security Act, codified at 42 U.S.C. § 405. At the hearing, Myles testified that she had to stop working due to symptoms stemming from diabetes, including fatigue, frequent urination, dizziness, and blurry vision. The ALJ compared Myles's testimony to her medical reports from the following doctors: (1) Dr. Goldschmidt, who first saw Myles in August 2004, diagnosed her with Type 2 diabetes, and found her to be unable to work; (2) Dr. Kiernan, who saw Myles in January 2005 and diagnosed her with dry eye, conjunctivitis, and borderline high blood pressure; (3) Dr. Kale, who conducted a medical examination in June 2005 and concluded that Myles had no neurologic abnormality, no difficulty walking, and no impairment to her finger-grasping or hand-grasping abilities; (4) Dr. Sims, who diagnosed Myles with neuropathy in November 2006, and (5) State Agency physicians who reviewed Myles's medical records and concluded that she was not severely impaired. He also considered the testimony of

Gels, who explained that despite the fact that Myles's condition, diabetes mellitus, caused her significant limitations in her ability to perform work-related activities and prevented her from returning to any of her past relevant work, there were still a significant number of other jobs that Myles could perform. In particular, Gels testified that Myles could perform about 5,000 bench assembly/packager/tester positions and 2,500 clerk/cashier positions in the Chicago region. Based on all of this information, the ALJ concluded in an opinion dated June 26, 2007 that Myles was not disabled and therefore not entitled to DIB or SSI under the SSA.

Before us now are Myles and the Commissioner's cross-motions for summary judgment. Myles seeks remand; the Commissioner seeks affirmance of the ALJ's decision.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that a "reasonable jury could return a verdict for the nonmoving party," and a material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The

moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so then the party opposing the motion must respond with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 25 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson*, 477 U.S. at 255. When parties file cross-motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1994). Rather, each motion evidences only that the movant believes he is entitled to judgment as a matter of law on the issues within its motion. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996).

In order to establish disability under the SSA, a claimant must show that he or she is unable "to engage in any substantial gainful activity" due to a physical or mental impairment that can be expected to result in death or last at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). If the claimant establishes that she cannot perform her past work, the Commissioner bears the burden of proving that the claimant can perform other jobs despite the limitations caused by her impairments. *See* 20 C.F.R. 416.920(f); *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

Under 42 U.S.C. § 405(g), the ALJ's findings of fact are conclusive so long as they are supported by substantial evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although we defer to the ALJ's factual findings, we review the ALJ's legal conclusions *de novo* and will set them aside if they are legally erroneous. *Haynes v. Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005).

With these principles in mind, we turn to the parties' motions.

## DISCUSSION

Myles argues that substantial evidence does not support the ALJ's findings that she is capable of performing work. In particular, Myles contends that the ALJ: (1) failed to consider the severity of the limitations caused by her impairments; (2) failed to accord sufficient weight to the treating physician's reports; and (3) failed to assess her credibility correctly.

**I. Limitations Caused by Myles's Impairments**

As the claimant, Myles bears the burden of proving that she was unable to engage in substantial gainful activity by reason of a physical or mental impairment by using medically acceptable clinical and laboratory findings. *Johnson v. Heckler*, 741 F.2d 948, 953 (7th Cir 1984). While other types of evidence can be used to support a

claim of disability, a diagnosis that is not supported by medically acceptable clinical and laboratory diagnostic techniques need not be accorded great weight. *Veal v. Bowen*, 833 F.2d 693, 699 (7th Cir. 1987). The ALJ should rely on medical opinions that are supported by objective observations and not opinions that merely recite a claimant's subjective complaints. *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

In this case, Myles contends that the ALJ did not adequately address her symptoms related to the following conditions: (1) neuropathy; (2) frequent urination; and (3) fatigue. Myles claims that she developed neuropathy after her diabetes first developed in January 2005. In determining whether she had neuropathy, the ALJ considered Myles's February and June 2005 complaints and Dr. Kale's June 2005 medical examination, which concluded that she had no neurologic abnormality, no difficulty walking, and no impairment to her finger-grasping or her hand-grasping abilities. Myles admits that neuropathy was not offered as a diagnosis by any medical source until November 2006. Nonetheless, at the time of the hearing, she claimed that she had neuropathy and that it went undiagnosed until Dr. Sims's diagnosis in November 2006. Given the fact that Myles claims she became disabled in January 2005 but her neuropathy was not diagnosed until November 2006, it was reasonable for the ALJ to determine that her neuropathy was not so severe as to keep her from obtaining employment at the hearing.

Myles also claims that the ALJ did not adequately address her urinary issues. We disagree. The ALJ specifically noted that Myles claimed that she had to use the restroom at least one time per hour. However, the ALJ explained that because Myles's medical records did not report her urinary issues to be as severe a problem as Myles contended, he did not find Myles' testimony to be credible evidence of her alleged urinary problem. Many of Myles's medical records, including the May 2007 visit with Dr. Sims, did not mention frequent urination. In light of the medical records, it was not unreasonable for the ALJ to conclude that Myles's urinary problems were not significant enough to be disabling.

Finally, Myles claims that the ALJ did not adequately address her fatigue. The ALJ's decision need not address every piece of evidence or testimony but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Here, the ALJ provided a clear connection between the medical evidence and his conclusions. He considered Myles's most severe symptoms of diabetes, including neuropathy and frequent urination, but found that although she was limited by these symptoms there were still jobs that she could perform. In addition, given the fact that fatigue is a self-reported condition and the fact that the ALJ did not find Myles to be a credible witness, it was reasonable for the ALJ to reach the conclusions he did.

**II. Reports by the Treating Physician**

A physician's opinion regarding a claimant's disability is not binding on the ALJ. *Whitney v. Schweiker*, 695 F.2d 784, 788. The weight given to a physician's statement depends upon whether it is "supported by medically acceptable clinical and laboratory diagnostic techniques." *Id. citing* 20 C.F.R. § 404.1526. A treating physician's opinion is entitled to substantial weight only if it is not inconsistent with other substantial evidence in the record. *Clifford*, 227 F.3d at 870. A physician's opinion regarding the ability of a patient to engage in employment is not "conclusive on the ultimate issue of disability, which is reserved to the Commissioner." *See Johansen v. Barnhart*, 314 F.3d 283, 288 (7th Cir. 2002).

Here, Myles argues that the ALJ "rejected totally" the opinion of treating physician Dr. Goldschmidt, who noted that she should not return to work in February 2005. However, the record indicates that though the ALJ gave Dr. Goldschmidt's opinion "little weight," he did not completely reject the doctor's opinion. D's Mem. at 12. It was reasonable for the ALJ to give little weight to the conclusions of Dr. Goldschmidt because they were based on Myles's own complaints, not on clinical or laboratory tests, and because they were inconsistent with other substantial evidence in the record. For instance, State Agency physicians reviewed Myles's claim file in July and September 2005 and concluded that she had no severe impairment. Moreover, in

June 2005, Dr. Kale found that Myles had no neurologic abnormality, no difficulty walking, and no impairment to her finger-grasping or hand-grasping ability. Furthermore, at the time of the hearing, Myles's diabetes was not so severe as to require her to take insulin. This indicates that her diabetes was under an acceptable level of control in her doctor's opinion. Consequently, it was within the ALJ's discretion to discount Dr. Goldschmidt's testimony and credit the testimony of other doctors who presented objective medical evidence.

### III. Credibility Finding

Myles claims that the ALJ's credibility finding against her was patently erroneous. We will not re-weigh the evidence considered by the ALJ nor disturb his credibility determinations unless they are patently wrong. *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994). A credibility finding that is reasonable should not be disturbed simply because an alternative finding could be supported by the evidence. *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). The ALJ's credibility determination was based on a number of factors: 1) the fact that Myles stated that she lost 40 pounds when medical records indicated that she lost only about 18 pounds; 2) the fact that Myles complained of blurred vision but when given an eye examination was found to have normal eye pressures and good vision; and 3) the fact that Myles claimed that she used the bathroom more than once per hour but that the majority of her medical records

did not discuss her bathroom frequency. Given these discrepancies, we find that it was reasonable for the ALJ to conclude that Myles was not a credible witness.

## CONCLUSION

Based on the foregoing analysis, Myles's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted.

Charles P. Kocoras
United States District Judge

Dated: June 10, 2008